UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LESA MARIA MARTINO,

    Plaintiff,

v.

                                   Case No. 8:25-cv-521-JLB-SPF

CHRISTINE MARLEWSKI,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 3). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 3), the undersigned recommends that Plaintiff's motion be denied and the complaint dismissed.

    **I.**    **Background**

There is a lengthy backstory to Plaintiff's allegations, which she recounts piecemeal through this and other lawsuits. This is not her first attempt to sue characters who played key roles in this backstory.[1] Here, along with her affidavit of indigency, Plaintiff submits a Form

---

[1] Although this is Plaintiff's first lawsuit against Judge Marlewski, Plaintiff filed 11 cases between 2019 and 2022 in the Tampa Division of the Middle District of Florida alleging similar facts; each has been dismissed. *See Martino v. Samuel*, No. 8:19-cv-1703-VMC-TGW (filed Jul. 15, 2019; dismissed without prejudice Dec. 9, 2019); *Martino v. Manning*, No. 8:19-cv-3054-MSS-CPT (filed Dec. 12, 2019; dismissed with prejudice Feb. 18, 2020); *Martino v. Campbell*, No. 8:20-cv-694-VMC-SPF (filed Mar. 25, 2020; dismissed with prejudice May 8, 2020); *Martino v. Campbell, et al.*, No. 8:21-cv-1636-KKM-JSS (filed July 28, 2021; dismissed without prejudice Dec. 13, 2021); *Martino v. Hudson*, No. 8:21-cv-2035-SDM-CPT (filed Aug. 24, 2021; dismissed Nov. 18, 2021); *Martino v. Peacock*, No. 8:21-cv-2390-WFJ-TGW (filed

1

Pro Se 15, Complaint for Violation of Civil Rights (Doc. 1), in which she purports to sue the Honorable Christine Marlewski ("Judge Marlewski"), a Hillsborough County judge assigned to civil cases in Florida's Thirteenth Judicial Circuit, in her official and individual capacities under 42 U.S.C. § 1983, for violating her due process rights (*Id.* at 1-3). Plaintiff claims that Judge Marlewski acted under color of state law and that "in Florida, a judge who acts under color of law to violate a person's constitutional rights can be charged with a felony." (*Id.* at 4).

From the "Statement of Claim" section of Plaintiff's Complaint, the Court discerns that Plaintiff takes issue with some of Judge Marlewski's rulings in cases Plaintiff is a party to, dating back to 2018 (*Id.* at 4-5). Plaintiff accuses Judge Marlewski of colluding with attorney John. F. Hayter, who represented Traci Samuel Hudson in *Samuel v. Martino*, Case No. 2018-CA-5020,[2] a "fraudulent libel slander lawsuit" against Plaintiff over which Judge Marlewski presided (*Id.*). Plaintiff claims that Judge Marlewski violated her own procedures and judicial preferences when she allowed Attorney Hayter to set a unilateral hearing on a motion to strike Plaintiff's filings in that case (*Id.*).

---

Oct. 12, 2021; dismissed with prejudice Oct. 21, 2021); *Martino v. Weidner*, No. 8:21-cv-2585-SDM-SPF (filed Nov. 3, 2021; dismissed Feb. 23, 2022); *Martino v. Weis, et al.*, No. 8:21-cv-2979-MSS-TGW (filed Dec. 27, 2021; dismissed with prejudice Dec. 28, 2021); *Martino v. Hayter, et al.*, No. 8:22-cv-2181-CEH-CPT (filed Sept. 20, 2022; dismissed without prejudice Sept. 11, 2023); *Martino v. Bryanton, et al.*, No. 8:22-cv-2187-TPB-SPF (filed Sept. 21, 2022; dismissed Sept. 30, 2022); *Martino v. Bryanton, et al.*, No. 8:22-cv-2811-CEH-JSS (filed Dec. 12, 2022; dismissed without prejudice Sept. 12, 2023).

[2] The docket is available at https://hover.hillsclerk.com/html/home.html, a verified website of a public agency. The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it [ ] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

Plaintiff underscores that Judge Marlewski's Procedures and Preferences for setting unilateral hearings, available on the state court's website, require a minimum of 60 days' notice to opposing counsel and a detailed description of the efforts made to reach an agreement with opposing counsel on a hearing date (*Id.*). Plaintiff alleges that Attorney Hayter set a unilateral hearing with only three weeks' notice to her, without conferring with her beforehand (*Id.*). So, according to Plaintiff, Judge Marlewski violated Florida's Vexatious Litigant Law, Fla. Stat. § 68.093, and Plaintiff's due process rights when she permitted the unilateral hearing and barred Plaintiff from submitting any more *pro se* filings in *Samuel v. Martino* (1-1 at 2).[3] Plaintiff seeks monetary damages and equitable relief, asking the Court to reach back in time into the state court docket and reverse Judge Marlewski's orders (*Id.* at 5).

## II.    Legal Standard

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

---

[3] Plaintiff has another case against Judge Marlewski pending before the undersigned. In *Martino v. Marlewski*, No. 8:25-cv-01431-SDM-SPF, Plaintiff attempts to sue Judge Marlewski in her official and individual capacities for violating plaintiff's First and Fourteenth Amendment rights in both *Samuel v. Martino*, Case No. 18-CA-5020, and *In re Estate of Roland T. Martino*, Case No. 2022-CP-003391-A001-HC. Plaintiff claims that Judge Marlewski, in the latter state case, violated her rights by not allowing her to file objections without an attorney when she was unable to afford one, and for striking Plaintiff's *pro se* filings. Plaintiff also claims Judge Marlewski aided and abetted a felon (Traci Samuel Hudson) and her attorney, Attorney Hayter, in stealing $35,000 from Plaintiff's deceased father's estate. In that case, the undersigned also found that Plaintiff's *in forma pauperis* motion should be denied and the case dismissed with prejudice.

against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[4] Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint is found to lack subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010). Finally, in reviewing a complaint, courts hold pro se pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III. Analysis

Upon review of Plaintiff's filings, she appears financially eligible to proceed *in forma pauperis*: She receives social security benefits and has no other income, she has a lien on her vehicle, and she has a judgment against her in a previous case (*see* Doc. 3). Despite this, the undersigned recommends dismissal of Plaintiff's Complaint with prejudice.

#### A. Eleventh Amendment Immunity

This Court lacks subject matter jurisdiction over Plaintiff's claims because Judge Marlewski is entitled to Eleventh Amendment immunity. The Eleventh Amendment provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The

Eleventh Amendment protects a State from being sued in federal court without the State's consent." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 1107 (2004). "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

The State of Florida has not consented to be sued under § 1983, and Congress has not abrogated a state's immunity for a § 1983 violation. *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1515 (11th Cir. 1986); *Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990). Eleventh Amendment immunity applies whether the requested relief is legal or equitable, *see Uberoi v. Supreme Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016); it extends to a state agency or state entity functioning as an arm of the state, *see Ross v. Jefferson Cty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012); and it extends to a state official in her official capacity if the state is the real, substantive party in interest. *Carr*, 916 F.2d at 1524.

Here, Judge Marlewski, in her official capacity, is entitled to Eleventh Amendment immunity. *See Badillo v. Thorpe*, 158 F. App'x 208, 213-14 (11th Cir. 2005) (finding that a Florida judge, acting in their official capacity, is an arm of the State of Florida). Further, Plaintiff does not seek prospective relief in her Complaint, foreclosing application of the *Ex Parte Young* doctrine (often invoked to defeat Eleventh Amendment immunity). Under this doctrine, a "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71, n.10. Likewise, a suit for prospective relief to enjoin a state official from enforcing an unconstitutional act is not a suit against the state.

It thus is not barred by the Eleventh Amendment. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005). The *Ex Parte Young* doctrine is "narrow" and applies to prospective relief only. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). The doctrine does not permit a judgment against a state officer that declares that the officer violated federal law in the past. *Id.*

Plaintiff does not request prospective equitable relief against Judge Marlewski in her official capacity to end ongoing violations of federal law. Instead, she asks the Court to reverse orders that Judge Marlewski previously entered in state court; the *Ex Parte Young* doctrine does not apply in this case. *See Higdon v. Tusan*, 746 F. App'x 805, 809-10 (11th Cir. 2018) (holding that the Eleventh Amendment barred claims against state judges in their official capacities because the plaintiff sought only the entry of an order overturning state court orders or declaring that the state court violated federal law in the past).[5] Because the

---

[5] It is unclear from Plaintiff's Complaint whether any of the state proceedings she complains of are ongoing. If she is challenging Judge Marlewski's procedural orders in a closed case, her claims that she was denied due process are inextricably intertwined with the state-court judgment, and this Court's review is forestalled by the *Rooker-Feldman* doctrine. *See Valentine v. BAC Home Loan Servicing, L.P.*, 635 F. App'x 753, 756 (11th Cir. 2015) ("Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). On the other hand, if the state court proceedings are ongoing, Plaintiff's Complaint is subject to dismissal under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* doctrine bars federal court intervention in state noncriminal proceedings where the proceedings constitute an ongoing state judicial proceeding, the proceedings implicate important state interests, and there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Adams v. State of Fla.*, 185 Fed. App'x 816, 816-17 (11th Cir. 2006) (*per curiam*) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)); *see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the state court proceedings have not concluded, this Court's review or modification of state court orders would clearly interfere. The State of Florida has an interest in presiding over its own cases, and Plaintiff can assert her constitutional challenges—through counsel—in state court.

Court lacks subject matter jurisdiction over claims barred by the Eleventh Amendment, dismissal of Plaintiff's § 1983 claims against Judge Marlewski is warranted.

### B. Absolute Judicial Immunity

Plaintiff purports to sue Judge Marlewski in both her individual and official capacities under § 1983. "[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 714 (11th Cir. 2013) (citing *Griffin v. City of Opa–Locka,* 261 F.3d 1295, 1303 (11th Cir.2001)); *see also Beaubrun v. Dodge State Prison*, No. 23-12757, 2025 WL 2490396, at * 3 (11th Cir. Aug. 29, 2025) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) ("To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a 'person acting under the color of state law.'").

But § 1983 claims are no exception to the edict that a judge is entitled to absolute judicial immunity for acts performed within the scope of their judicial office. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity applies when "(1) the judge dealt with the plaintiff in his judicial capacity and (2) the judge did not act in the clear absence of all jurisdiction." *Bush v. Wash. Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (alteration in original) (citation omitted). "The immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority. . . .'" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356–57). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved

a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Here, construing Plaintiff's Complaint liberally, she alleges that Judge Marlewski, while presiding over a case in which Plaintiff was a party, colluded with Attorney Hayter to set a unilateral hearing and bar Plaintiff from filing documents *pro se*, in violation of her due process rights (Doc. 1 at 4-5). Plaintiff does not allege that Judge Marlewski acted outside her judicial capacity and in "clear absence of all jurisdiction," as required to defeat judicial immunity. *See Bolin v. Story*, 225 F.3d 1234, 1339 (11th Cir. 2000). Setting hearings, entering orders, and striking filings in cases pending before her are normal judicial functions. Additionally, even if Judge Marlewski made legal errors, acted maliciously, or exceeded her authority (there is no evidence to support any of these allegations), she is nonetheless entitled to absolute judicial immunity with respect to claims asserted against her in her individual capacity. *See id.* (citing *Stump*, 435 U.S. at 356-57).

### C. Failure to State a Claim

Additionally, Plaintiff's "official capacity" claims against Judge Marlewski under § 1983 fail, because a judge in their official capacity is not a "person" within the meaning of § 1983. An "official capacity" suit generally is another way to plead an action against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). A Florida judge, acting in their official capacity, is an arm of the State of Florida. *See Badillo v. Thorpe*, 158 F. App'x 208, 213-14 (11th Cir. 2005); *Shean v. Garcia*, No. 3:20-cv-750-MMH-PDB, 2021 WL 2403936, at *5 (M.D. Fla. Apr. 15, 2021), *report and recommendation adopted*, 2021 WL 1811772 (M.D. Fla. May 6, 2021). Consequently, Judge Marlewski is treated as an arm of

9

the State of Florida, and a state—including the State of Florida—is not a person within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1278 (11th Cir. 2018). Therefore, Judge Marlewski, in her official capacity, is not a "person" within the meaning of § 1983; dismissal of Plaintiff's claims is warranted. *See Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983.").[6]

### D. Pleading Deficiencies

Finally, Plaintiff's Complaint is an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). A shotgun pleading is a type of pleading that is not allowed, even from *pro se* plaintiffs. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Four basic types of shotgun pleadings violate Rules 8(a), 10(b), or both: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts;

---

[6] Plaintiff alleges that Judge Marlewski violated the Florida Vexatious Litigant Law, Fla. Stat. § 68.093. (*Id.*) Plaintiff does not and cannot state a claim under this state statute. Under § 1983, a Plaintiff can only claim a deprivation of their rights "secured by the Constitution and [federal] laws," not state laws. 42 U.S.C § 1983. Additionally, Fla. Stat. § 68.093 is designed to protect the state judiciary from vexatious *pro se* litigants, not the other way around. And the statute does not create a private cause of action.

(2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id*. at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (citation omitted). Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." *Id*.

Plaintiff's Complaint is the second type of shotgun pleading, comprised of conclusory, vague, and immaterial facts not obviously connected to Plaintiff's causes of action. To the extent the Court can make heads or tails of Plaintiff's allegations, she accuses Judge Marlewski of colluding with an attorney appearing before her with the intent of harming Plaintiff. She states that "[t]he case is beyond egregious in nature with glaring corruption and bias." (Doc. 1 at 5). She offers no non-frivolous argument in support of this conclusion, however, and does not give Judge Marlewski adequate notice of the grounds upon which her claims rest.

### IV. Conclusion

The undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice. Although *pro se* parties are often entitled to the opportunity to amend their complaints before dismissal, Plaintiff's claims do not appear amendable. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted). The Court lacks subject matter jurisdiction under the Eleventh Amendment, Judge Marlewski is entitled to absolute judicial immunity, and Plaintiff fails to state a claim under § 1983. Additionally, considering Plaintiff has attempted to assert similar claims unsuccessfully on numerous occasions, an amended complaint would be futile.

For these reasons, the Court **RECOMMENDS:**

1. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 3) be denied.
2. Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on November 14, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.